IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **THOMASELLOUS REDDING,** | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| **ROY CHESTNUT, et al.,** | : | 5:06-CV-321(WDO) |
|     Defendants | : | |

**O R D E R**

*Pro se* Plaintiff **THOMASELLOUS JAMES REDDING** filed the instant action against the Defendants, two police officers and the Mayor of the City of Macon, alleging personal injury and a 42 U.S.C. § 1983 deliberate indifference claim. The Complaint states that "Plaintiff is a mentally retarded African-American citizen of the United States who resides in Bibb County was deprived of his constitutional rights under the color of state law by Defendants they are jointly and severally liable to Plaintiff." Plaintiff filed a motion to proceed *in forma pauperis* alleging he is unable to pay the Court's $350 filing fee.

Pursuant to 28 U.S.C. § 1915(a), a district court must compare the filer's assets with his liabilities in order to determine whether he satisfies the poverty requirement to proceed *in forma pauperis* ("IFP). Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1309 (11th Cir. 2004). In civil cases for damages, "the courts should grant the privilege sparingly." Id. at 1306. It appears that Plaintiff Thomasellous Redding resides with his parents Arthur and Annie Redding, presumably because of his mental/medical condition. The IFP affidavit discloses monthly household living expenses and debt payments totaling $1,758.00. The

assets listed are real estate (valued at $2,000) and a vehicle (valued at $2,500), both of which may be subject to liabilities although it is unclear in what amount. The affidavit further discloses a household income of $1,910 (from Annie Redding's employment and Thomasellous Redding's Social Security benefits), checking account balances of $335.00 and savings account balances of $914.00. The 2006 Federal Poverty Guidelines for Persons in a Family or Household of 3 is $16,600. See http://aspe.hhs.gov/poverty/06poverty.shtml. In this case, the annual household income would be approximately $22,920. Based on the income reported and assets held totaling $5,749, or $1,249 not including the real estate and vehicle which may or may not be subject to liabilities, it appears that Plaintiff Thomasellous Redding is able to pay a portion of the filing fee. Accordingly, the Court **GRANTS IN PART** Plaintiff's motion to proceed *in forma pauperis* and orders Plaintiff to pay $150.00 of the Court's filing fee which shall be paid **NO LATER THAN** Monday, November 6, 2006.

A copy of the Complaint shall be served by the United States Marshal at this time on Defendants. Plaintiff is informed that he must serve upon opposing counsel (or the defendants if they are not represented by counsel) copies of all motions, additional pleadings, discovery material, and any correspondence (including letters to the Clerk or to a judge) which is filed with the Clerk of the Court. Fed. R. Civ. P. 5(a). Plaintiff shall include with any paper which is filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of that paper was mailed to Defendants or their counsel. Plaintiff is further advised that the Clerk of the Court will not serve or forward to the Defendants or their counsel copies of any motions, pleadings, discovery or correspondence.

In addition, the following limitations are imposed on discovery: Except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1); (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34); and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties. If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may obtain the necessary consent forms from the Clerk of the Court.

Plaintiff has the responsibility for diligently prosecuting his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff is required to keep the Clerk of Court advised of his current address at all times during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of Plaintiff's complaint.

**SO ORDERED, this 17th day of October, 2006.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**