# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **THOMASELLOUS REDDING,** | : | |
| Plaintiff | : | |
| v. | : | |
| **ROY CHESTNUT, et al.,** | : | 5:06-CV-321(WDO) |
| Defendants | : | |

## ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel in this civil rights suit against various city officials. Plaintiff is not incarcerated. Plaintiff however claims that because of a mental disability he will be unable to effectively pursue his claims against the defendants. "A plaintiff in a civil case does not have a constitutional right to counsel, and the court should appoint counsel only in exceptional circumstances." Rizo v. State of Alabama Dept. of Human Resources, 2007 WL 278587, *1 (11th Cir. Jan. 31, 2007) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "The fact that a plaintiff would be helped by counsel is not sufficient to require appointment." Id. When a plaintiff requests appointment of counsel based on a disability, he should explain the nature or extent of his disability, show how his purported disability would significantly hamper his ability to prosecute his case, and show that he has made some attempt to obtain an attorney by going to a Bar association and asking for a referral or by making some effort to obtain an attorney.

Walters v. NYC Health Hosp. Corp., 2002 WL 31681600, *2-3 (S.D.N.Y. Nov. 25, 2002). Because it is possible that Plaintiff could obtain an attorney on his own by making inquiries with the Macon Bar Association or some other association of attorneys who handle this type of case, the motion for appointment of counsel is DENIED WITHOUT PREJUDICE. This case is STAYED for a period of 90 days so that Plaintiff may procure an attorney to represent him in this matter.

      **SO ORDERED this 19th day of July, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**